UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 00-368** |
| **JOHN ALBERT JONES, JR.** | **SECTION "K"** |

## ORDER AND REASONS

Before the Court is petitioner John Jones' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. No. 112). Petitioner contends that (1) he was denied effective assistance of counsel and (2) there was insufficient evidence to sustain a conviction or sentence enhancement. The Court has reviewed the pleadings, memoranda, and the relevant law and finds that the motion is without merit. Accordingly, the Court **DENIES** the motion for the following reasons:

**I. Background**

Jones was charged in a superceding bill of information on February 8, 2002 with one count of managing and making available a residence for the manufacture and distribution of cocaine base in violation of 21 U.S.C. § 856(a)(2) and one count of being a felon in possession of a firearm in

1

violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2).  On March 9, 2001 Jones filed a motion to suppress evidence, specifically the firearm and an inculpatory statement, which this Court denied on June 13, 2001.  Thereafter, on February 19, 2002, Jones pled guilty pursuant to a plea agreement wherein he waived his right to appeal or seek post-conviction relief under § 2255 unless the court imposed a punishment in excess of the statutory maximum or departed upwardly from the guideline range.  Under Rule 11(2)(1)(C) of the Federal Rules of Criminal Procedure Jones pled guilty to a pre-determined sentence of 10 year as to both Counts, affirming his understanding that as to Count 1 he was charged with the "establishment of manufacturing operations" and faced a 20 year maximum sentence of imprisonment, whereas to Count 2, "possession of a firearm by a convicted felon" he faced a 10-year maximum sentence.  During the re-arraignment hearing, the Court carefully questioned Lee about his understanding of the consequences of his guilty plea and the appeal waiver contained in the plea agreement.[1]  Jones also acknowledged his Rule 11(e)(1)(C)

---

[1]The Court asked Jones:

> Do you understand that you have waived your right to appeal any sentence that I may impose, if I accept your plea?

Jones:       Yes, sir.

The Court:   Including your rights to appeal under 18 U.S.C. § 3742, which provides for a review of a sentence, and under 18 U.S.C. § 2255, which provides for post conviction remedies, if there's a legal and constitutional basis for you to attack the conviction.

> Because you have waived these rights, you may appeal your conviction and/or sentencing only under the following exceptions: First, you may appeal if I impose a sentence in excess of the statutory maximum.  Second, you may appeal if I [impose] a sentence which constitutes an upward departure from the guideline range.  Also you may appeal your sentence if you can show that you were deprived of certain constitutional rights, including the

agreement and its pre-determined 10 year cumulative sentence. Rearraignment Transcript, p. 13-15. He confirmed he had reviewed the contents of the plea agreement with counsel and he understood the contents of the factual basis detailing his crimes, which he also signed. Id. at 18-19. Jones also affirmed that he had consulted counsel and was satisfied with his services. Id.at 4-5.

At sentencing, Jones objected to both the calculation of the base offense level and the statement in his Presentence Investigation Report that he was "paid in cocaine base for this and for 'bringing in customers' on occasion." These objections were overruled and the Court sentenced Jones to a 10 year cumulative sentence on the basis of his Rule 11(e)(1)(c) plea agreement. This sentence was neither in excess of the statutory maximum nor was it an upward departure from the sentencing guidelines. Finally, the Court explained that "there is no downward departure when you have an agreed upon plea, and I'll recite the case law." Sentencing Transcript, p. 4. The Court reiterated that as a result of the plea agreement, Jones had "no right to appeal the sentence I impose because it neither exceeds the statutory maximum or constitutes an upward departure from the sentencing guidelines." Id. at 11. On January 26, 2004 Jones filed the instant motion.

**II. Analysis**

**A. 28 U.S.C. § 2255**

    1.    Petitioner's Waiver of Post-Conviction Relief

Jones specifically waived his right to post-conviction relief in his plea. As such, the relief sought should be denied. *See United States v. White*, 307 F.3d 336 (5th Cir. 2002). As stated in *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994):

---

        effective assistance of counsel. Do you understand that?

Jones:    "Yes, sir." Transcript at Rearraignment, p.3.

3

> Under *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992), a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary. 'It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right.' *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

*Id*. at 653. During Jones' re-arraignment hearing, the Court specifically questioned him regarding his waiver of post-conviction relief and found him to be knowing and intelligent as to the consequences of the waiver contained in his plea. Jones was advised of the rights he was giving up by pleading guilty and indicated that he understood that he was waiving his right to appeal and to pursue post conviction relief under 28 U.S.C. § 2255. In his motion Jones does not claim that he is innocent nor that he received erroneous advice concerning the appeal waiver contained in the plea agreement. Instead Jones seems to contend that there are numerous grounds of error in the presentence investigation report which should be corrected and resubmitted to the Court so that he could be re-sentenced at a lower level of the Guidelines. However as noted earlier, these objections were previously heard and ruled upon at Jones' sentencing hearing. See Sentencing Transcript at p. 2-4. Accordingly, the Court finds that Jones understood the consequences of his plea and finds no evidence that suggests his plea or his entry into the plea agreement was without knowledge or involuntary.

Further, Jones reserved the right of appeal only in the case where the punishment imposed was in excess of the statutory maximum or if it constituted an upward departure from the guideline range deemed applicable by Court at sentencing. Jones' sentence does not meet either of these exceptions. His sentence of 10 year cumulative sentence as to *both* counts is below the maximum possible sentence of 20 years for a violation of 21 U.S.C. § 856(a)(2) and was the maximum penalty he could have faced for the second count alone of being a felon in possession of a firearm in

4

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

    2.  Ineffective Assistance of Counsel

Jones also has not made a constitutional ineffective assistance of counsel claim that would survive his waiver. *See, e.g., White*, 307 F.3d at 343 (holding that ineffective assistance of counsel claims survive a waiver "only when the claimed assistance directly affected the validity of the waiver or the plea itself."). Jones purports to raised issues of constitutional error but he has failed to make the requisite showing required by the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *Strickland* requires that in order to prevail on an ineffective assistance of counsel claim, one must show 1) deficient performance by counsel and 2) the deficient performance prejudiced his defense. *Id.* If the Court finds a petitioner has failed to make a sufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *Id.* at 697. Jones has not provided any evidence to support his contention that counsel was ineffective, and mere speculation is insufficient. *See Barnard v. Collins*, 958 F.2d 634, 643 n.11 (5th Cir. 1992). Jones contends that counsel was ineffective in providing incorrect information to the Court in the presentence report. But this is factually incorrect. Probation, not the Court, prepared Jones' presentence report, and Jones' counsel filed written objections therein, objections that were heard and overruled by the Court at sentencing. See Sentencing Transcript at p.4-5. Jones was sentenced pursuant to a Rule 11(e)(1)(C) agreement, whose purpose is a fixed sentence. Jones fails to bring forward any evidence showing that counsel's filing of objections and the Court's overruling of these objections and eventual sentence in accord with Jones's own Rule 11(e)(1)(C) agreement were errors or that these errors prejudiced his defense. As a result, Jones' ineffective assistance of counsel must fail.

**B. PETITIONER'S SUFFICIENCY CHALLENGE**

As stated recently by the United States Court of Appeals for the Fifth Circuit:

> Section 2255 provides the primary means of "collaterally attacking a federal sentence," *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000), and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotation marks and citations omitted). Section 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id*.

Any challenge by Jones to the sufficiency of the evidence used against him at sentencing may be raised in a collateral relief proceeding only if he can demonstrate "cause" and "prejudice" or actual innocence. *United States v. Bousley*, 523 U.S. 614, 622 (1998); *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972). Jones has made no attempt to demonstrate either of these grounds, and in fact his briefing is practically non-responsive to these issues, written more as if petitioner was attacking a jury verdict rather than a plea agreement. The Court finds these claims without merit.

Accordingly,

**IT IS ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Rec. Doc. No. 112) is **DENIED with prejudice**.

New Orleans, Louisiana, this ___28th___ day of August, 2006.

                    **STANWOOD R. DUVAL, JR.**
                    **UNITED STATES DISTRICT COURT JUDGE**